J. S45025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                        :
                     v.              :
                                        :
EDDIE RAY GRAY,                   :
          Appellant          :
                                        :      No. 1733 WDA 2015

Appeal from the PCRA Order August 17, 2015
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000264-2012

BEFORE: OLSON, DUBOW AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:          **FILED SEPTEMBER 22, 2016**

Appellant, Eddie Ray Gray, appeals from the August 17, 2015 Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46, challenging the effectiveness of trial counsel. We affirm.

The detailed facts of the underlying conviction are set forth in our disposition on direct appeal, and we need not restate them in their entirety. ***See Commonwealth v. Gray***, No. 1503 WDA 2012 (Pa. Super. filed July 9, 2013) (unpublished memorandum). However, relevant to this PCRA appeal, we note the following:

---

[*] Retired Senior Judge Assigned to the Superior Court.

In early 2012, Appellant and his cousin, Jeremy C. Hoden, were imprisoned together at the same state correctional institution on unrelated cases. Over a two-month period, the men sent numerous extremely threatening and highly disturbing letters to the following participants in Hoden's 2007 case: the two witnesses/crime victims; the judge who presided over Hoden's guilty plea; the judge who denied Hoden's PCRA Petition; the then-District Attorney; and the Assistant District Attorney who prosecuted the case. Each cousin sent at least one letter to each of the above-named participants, and the sender signed every letter and included his return address. Altogether, Appellant and his cousin sent fourteen threatening letters and two letters confessing to various unrelated offenses.

Following a joint trial, a jury convicted Appellant and Hoden of four counts of Retaliation Against a Prosecutor or Judicial Official, three counts of Retaliation Against a Witness, Victim or Party, seven counts of Terroristic Threats, and one count of Conspiracy. The trial court sentenced both men to thirty-five and one-half to seventy-one years of imprisonment. This Court affirmed the Judgment of Sentence on direct appeal. ***Gray, supra***. Our Supreme Court denied allowance of appeal on November 27, 2013.

Appellant filed a *pro se* PCRA Petition on July 1, 2014. After the appointment of counsel, Appellant filed an amended PCRA Petition on March 13, 2015. Following an evidentiary hearing, the Honorable John Henry

Foradora denied the Petition on August 17, 2015. Appellant timely appealed.

On appeal, Appellant raises the following three issues for our review:

1. Whether the trial court erred in rejecting Appellant's claim that trial counsel rendered ineffective assistance of counsel in failing to object to the trial court's jury instruction on the offense of Retaliation Against Witness or victim, 18 Pa.C.S. § 4953(a) which instruction did not require the jury to find that the victims were actually harmed by [Appellant].

2. Whether the trial court erred in rejecting Appellant's claim [that] trial counsel rendered ineffective assistance of counsel in not objecting to the jury instruction on the offense of Retaliation Against Prosecutor or Judicial Officer, 18 Pa.C.S. § 4953.1(a), which instruction did not require the jury to find that the victims were actually harmed by [Appellant].

3. Whether the trial court erred in rejecting Appellant's claim [that] trial counsel rendered ineffective assistance of counsel in not to objecting [sic] to sending out the threatening letters with the jury during deliberations.

Appellant's Brief at 4 (reordered for ease of disposition).

When reviewing the denial of PCRA Petition, "we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

In each of his issues, Appellant alleges that trial counsel provided ineffective assistance. In analyzing claims of ineffective assistance of

- 3 -

counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

### The Jury Instructions: Retaliation Against Witnesses

In his first issue, Appellant avers that trial counsel was ineffective for failing to object to the jury instructions given for the charges of Retaliation Against a Witness, Victim or Party. Appellant alleges the instructions that were given were incomplete in that they did not include a harm instruction in a case where "[t]here was little, if any[,] evidence of harm to the victims[.]" Appellant's Brief at 8. Accordingly, Appellant argues, if trial counsel had objected, and the trial court had then given a more complete harm instruction, the jury would have found Appellant not guilty of the crimes charged.

The offense of Retaliation Against a Witness, Victim or Party is defined as:

> **(a)  Offense defined.--**A person commits an offense if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in retaliation for anything lawfully done in the capacity of witness, victim or a party in a civil matter.

18 Pa.C.S. § 4953(a).  As Appellant correctly points out, our Supreme Court has previously held that satisfying the elements of a conviction based on harming another "requires **both** a showing of harm and the performance of an unlawful act."  *Commonwealth v. Ostrosky*, 909 A.2d 1224, 1232 (Pa. 2006) (emphasis in original).  It is not enough for the Commonwealth to prove that there was an unlawful act committed in retaliation for cooperation in a criminal prosecution.  *Id.*

At trial, the trial court gave two sets of jury instructions regarding the charges for Retaliation Against a Witness.  Initially, the trial court instructed the jury as follows:

> Second type of charge is retaliation against a witness or victim. In order to find the Defendant guilty of the crime of retaliation against a witness or victim, you must find each of the following two elements have been proven beyond a reasonable doubt.
>
> First, that the Defendant harmed either Merle Rice or Irene Rice by an unlawful act. And, that could be a threat or abuse of death threats. You will have the letters. You will get to review whether there was an unlawful act.
>
> Second, that the Defendant did so in retaliation for Merle or Irene testifying at a trial or giving information to a police officer or other judicial person, which was something lawfully done by that victim or witness in the capacity as a victim or witness.

. . .

> If you find those two elements have been proven beyond a reasonable doubt, you should find the Defendant guilty. Otherwise, you must find the Defendant not guilty.

N.T., 9/28/12, at 421-22.

Later, in response to a question from the deliberating jury, the trial court reiterated:

> In order to find the Defendant guilty of the crime of retaliation against a witness or victim, you must find each of the following two elements have been proven beyond a reasonable doubt.
>
> First, the Defendant harmed Irene or Merle Rice by an unlawful act. And, you have the letters to determine whether there was an unlawful act. That's the first element.
>
> Second, that the Defendant did so in retaliation for his or her testifying at a trial or giving information to a police officer, District Attorney, Court, which was something lawfully done by Merle or Irene Rice in the capacity as either a witness or victim.

*Id.* at 445-46.

This Court shares Appellant's concern that, by combining the harm and the illegal act requirements into a single element, the trial court's instructions left open the possibility that the jury would conflate the two requirements and overlook the harm element. Pursuant to **Ostrosky**, trial counsel's failure to object to the jury instructions may well have constituted error. **Ostrosky, supra** at 1232. However, we cannot agree that Appellant has met his burden of demonstrating prejudice.

Even where the trial court gives an incomplete jury instruction, this Court may find such an omission was harmless error where the surrounding

events at trial "clearly defined the issues for the jury." ***Commonwealth v. Sandusky***, 77 A.3d 663, 669 (Pa. Super. 2013) (holding that the trial court erred in failing to give a jury instruction on the credibility of witnesses based on delays in reporting, but concluding that the appellant had not been prejudiced where the delay issue was addressed through the combined effect of the jury instructions, the arguments of counsel, and the cross-examination of witnesses).

In the instant case, the trial court twice gave its challenged instruction directing the jury to consider whether the victims had been harmed by Appellant's illegal acts. Contrary to Appellant's assertion, any failure to emphasize the harm element sufficiently was made harmless by trial counsel's repeated emphasis on the harm requirement during cross-examination and in closing arguments.[1] Therefore, given that the totality of

---

[1] In his closing argument, trial counsel argued, in part:

> Now there was some charges in retaliation against victim or witness. Now, the law required that somebody has to be harmed by an unlawful act or engaged in course of conduct or repeatedly commits acts threatening to commit in retaliation for acts done as a victim or witness.

> And, that standard hasn't been met here. You have heard what everybody testified about. You heard Irene Rice testify. That she wasn't really intimidated by the letters.

> She didn't feel harmed. In fact, she laughed at some parts of that. So, I would argue that there was no actual harm to Irene Rice. There was only a threat of harm, which I am not minimizing. But, that doesn't fit the statute here.

the circumstances sufficiently alerted the jury to the harm element of the offense, we conclude that Appellant has failed to meet his burden of showing that any additional instruction from the trial court would have had any effect on the jury's verdict.

**The Jury Instructions: Retaliation Against Prosecutor/Judge**

In the second issue, Appellant alleges that trial counsel was ineffective for failing to object to jury instructions regarding Retaliation Against a Prosecutor or Judicial Officer. Similar to his allegation of error regarding the instruction given for retaliation against a witness, Appellant alleges the instructions were incomplete because they did not include a harm instruction.

Appellant fails to appreciate a crucial distinction between the two offenses. As noted above, Retaliation Against a Witness requires actual harm. A conviction for Retaliation Against a Prosecutor or Judicial Officer, however, may be proper where the Commonwealth proves that the defendant **attempted** to harm his victim. *See* 18 Pa.C.S. § 4953.1.

In rejecting Appellant's contention that the outcome would have been different with a more complete harm instruction, the trial court explained:

> And same for Merle Rice. Really wasn't any harm. He didn't testify about having to miss any work, see a psychiatrist, anything like that.

N.T., 8/28/12, at 375-76. Trial counsel clearly focused on demonstrating the lack of harm to the letter recipients in his cross-examination of the two witnesses/crime victims. *See id.* at 79, 105.

- 8 -

As was true with respect to the charges filed on behalf of [the witnesses who were threatened], the [trial court] did not articulate for the jury that it had to find a "specific identifiable harm" in order to find [Appellant] guilty of Retaliating Against Prosecutor or Judicial Official, 18 Pa.C.S.A. § 4953.1, and nor did [trial counsel] ask for that instruction. In failing to do so, however, he was not ineffective.

At the PCRA hearing, [trial counsel] allowed that he should have asked for the instruction. His initial response when asked why he did not, however, was that the statute's "attempt to harm" provision made it a more difficult question. That was an astute observation.

Utilizing the relevant statutory language, the [c]ourt instructed the jury,

> To find the Defendant guilty of this offense, you must find the following elements have been proven beyond a reasonable doubt.
>
> First, that the Defendant harmed or attempted to harm another person or the intangible property of another person.
>
> . . .
>
> Second, that the Defendant did so by an unlawful act. Threatening someone, the crime of murder, can be an unlawful act. You will have the letters. You can review as to whether there was an unlawful act.
>
> Third, the Defendant did so to retaliate against [each official] for something he or she did lawfully in his or her official capacity as a Judge or a prosecutor.
>
> Fourth, that the Defendant attempted or threatened to use force, violence or deception upon [any of the named officials] or upon another person knowingly and intentionally to retaliate against [any of them] for something he or she did lawfully in his or her official capacity as a judge or as a prosecutor.

[N.T., 8/28/12, at 420-21]. ***See also*** [18 Pa.C.S.] § 4953.1(a) & (b)(1). The jury only had to find, therefore, that [Appellant], through his letters, had attempted to harm his victims by

threatening them with force or violence. Of that there was overwhelming evidence, because there could be no doubt that [Appellant's] conscious objective was to cause his victims to live in persistent fear for their own lives or their and their families' lives. As the [c]ourt previously noted, his letters were graphic and explicit; they depicted brutal methods of physical and sexual assault that even [Appellant], while maintaining that he did not write the letters, described as "very shocking" and "malicious." *Id.* at 311.

Whereas there was no question that [Appellant] was attempting to cause his victims extreme psychological and emotional harm, therefore, there is also no question that directing the jury to find that he was attempting to cause a "specific identifiable harm" would not have resulted in a different outcome. Accordingly, [trial counsel] was not ineffective for not asking the [trial court] to issue the instruction.

Trial Court Opinion, filed 8/17/15, at 5-6.

After careful review, we agree with the trial court's determination that Appellant failed to establish he was prejudiced by the lack of a more specific harm instruction.

### The Jury's Use of Letters During Deliberations

In the third issue, Appellant avers that trial counsel was ineffective for failing to object to the trial court's decision to permit the jury to examine the threatening letters during deliberations.

The trial court succinctly set forth the relevant law and application to the facts of this case as follows:

"Upon retiring," says Rule 646(A) of the Pennsylvania Rules of Criminal Procedure, "the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C)." *Id.* Paragraph (C) disallows only four categories of evidence: 1.) a transcript of any trial testimony; 2.) a copy of the defendant's written or otherwise recorded confession; 3.) a

copy of the information or indictment; and 4.) written jury instructions except as specified in the previous paragraph. ***Id.*** Outside of those categories, and as the Rule itself suggests, whether an exhibit may go to the jury lies within the sound discretion of the trial judge, ***Commonwealth v. Barnett***, 50 A.3d 176, 194 (Pa. Super. 2012), whose evidentiary decisions are informed by the well-developed body of precedent surrounding the admissibility of evidence.

As a general rule, evidence, even when relevant, should not be admitted if its probative value is outweighed by the danger of unfair prejudice, which occurs where the nature of the evidence is such that it has a tendency to inflame the jury and cause it to render a verdict based on something other than the relevant legal propositions. [***See, e.g.,***] ***Commonwealth v. Antidormi***, 84 A.3d 736, 750 (Pa. Super. 2014). Rule 646 merely augments that long-standing principle, its purpose being to avoid having juries overemphasize the weight and credibility of evidence in their possession while minimizing the value of other evidence simply because it is not in front of them. ***Barnett***, 50 A.3d at 194. Consistent with the admissibility analysis, therefore, the question when deciding whether a jurist abused his discretion in sending certain evidence to the jury room is whether the defendant was [unfairly] prejudiced because of it. ***Id.*** In this case, the answer is a resounding "no."

To begin with, Rule 646(C) does not purport to exclude all evidence that is testimonial in nature; it instead specifies only a few categories of documented "testimony" that should be withheld from the jury during deliberations. The letters at issue did not fit within those categories and thus were not expressly prohibited by the Rule. It is fanciful, moreover, to surmise that the jury may have interpreted them as confessions when the letters themselves, once delivered to the victims, established the corpus of the crimes charged, not admissions that [Appellant] wrote any of them.

Insofar as [Appellant] insisted that he had neither authored nor signed the letters bearing his name, moreover, it was essential that the jury be able to compare them with the undisputed samples of his signature. Accordingly, their probative value far outweighed any potential for prejudice. In addition, Commonwealth exhibits 23 and 25 and [Appellant's] exhibit 2—a third sample of [Appellant's] signature—were in the jury's

- 11 -

possession and served as continual reminders of [Appellant's] testimony denying the allegations against him. Consequently, the totality of the evidence in the jury's possession adequately represented both parties' positions to the effect that the letters were not prejudicial to [Appellant].

Insofar as the underlying issue here is without merit, therefore, [trial counsel] cannot be deemed ineffective for failing to object when the Court indicated that it would send the letters out with the jury.

Trial Court Opinion, filed 8/17/15, at 4-5.

After a careful review of the record, we agree with the trial court that it was proper to provide the jury with the letters so that the jury might compare them to a known sample of Appellant's handwriting where Appellant's defense at trial was that the letters had been forged and were not in fact his handwriting. We further agree, therefore, that trial counsel was not ineffective for failing to raise a meritless objection.

Having concluded that Appellant is not entitled to relief on any of the issues raised, we affirm the August 17, 2015 Order denying Appellant's PCRA Petition.

Order affirmed. Jurisdiction relinquished.

Judge Platt joins the memorandum.

Judge Olson concurs in the result.

J.S45025/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/22/2016